IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MONASTIERO,<br><br>   Plaintiff,<br><br>  v.<br><br>APPMOBI, INC.,<br><br>   Defendant.<br>_____/ | No. C 13-05711 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANT'S MOTION FOR DISMISSAL OF THE CASE FOR *FORUM NON CONVENIENS*** |

Now before the Court is defendant's motion for reconsideration of the Court's February 6, 2014 Order denying defendant's motion to dismiss. For the reasons discussed in more detail below, the Court finds that reconsideration is appropriate. Having reconsidered the question, the Court hereby GRANTS defendant's motion to dismiss the case on the basis of *forum non conveniens*.

## BACKGROUND

Plaintiff Joseph Monastiero is a resident of Alameda County, California and a former employee of defendant appMobi, a corporation headquartered in Lancaster, Pennsylvania. Complaint ¶¶ 1-2. Monastiero began working for appMobi as Vice President of Business Development, in Alameda County, in September, 2010. *Id*. ¶ 8. Under the terms of Monastiero's employment agreement, he was entitled to a 10% commission fee on direct sales and a 5% commission on sales made by others at appMobi. *Id*. Monastiero's employment agreement included a governing law clause that specified the

Court of Common Pleas of Lancaster County, Pennsylvania as the forum of exclusive jurisdiction and venue for all matters arising under the contract, and further specified the law of the Commonwealth of Pennsylvania as the controlling law. Abadir Decl. Ex. A, Employment Agreement ¶ 16. The relevant term in Monastiero's employment agreement states:

> 16. <u>Law Governing</u>. This Agreement shall be governed by and enforced in accordance with the laws of the Commonwealth of Pennsylvania without regard to its laws of conflicts of laws. The Court of Common Pleas of Lancaster County, Pennsylvania, shall have exclusive jurisdiction and venue of all matters arising hereunder. In such proceedings, Employee and the Employer each hereby consents to such jurisdiction and venue and waives any right to a jury trial.

Monastiero's employment with appMobi terminated in May, 2012; he signed a termination agreement with appMobi on May 31, 2012. Abadir Decl. Ex. B, Termination Agreement. This agreement included a governing law provision that specified the Court of Common Pleas of Lancaster County, Pennsylvania, as the exclusive jurisdiction and venue of all matters arising under the agreement and the law of Pennsylvania as the controlling law. *Id.* ¶ 8. The pertinent clause in Monastiero's termination agreement reads:

> 8. GOVERNING LAW
> This agreement shall be governed by and enforced in accordance with the laws of the Commonwealth of Pennsylvania without regard to its laws of conflicts of laws. The Court of Common Pleas of Lancaster County, Pennsylvania, shall have exclusive jurisdiction and venue of all matters arising hereunder. Both parties hereby consent to such jurisdiction and venue and waive any right to a jury trial.

On November 6, 2013, Monastiero filed suit against appMobi in Alameda County Superior Court, for breach of contract, compensatory and general damages, and penalties as provided by California Labor Code § 203. Complaint pgs. 3-5. According to Monastiero, appMobi breached the employment and termination agreements by failing to pay him commission fees related to a transaction between appMobi and the INTEL corporation. Complaint ¶¶ 13-16.

On December 10, 2013, appMobi removed Monastiero's case to this Court. Docket No. 2. Three days later, appMobi filed a motion to dismiss the case for *forum non conveniens* or pursuant to Federal Rule 12(b)(3). Docket No. 13. On February 6, 2014, the Court denied defendant's motion to dismiss for *forum non conveniens*, finding that enforcement of the forum-selection clause would be unreasonable and unjust. Docket No. 20. The Court reasoned that Monastiero would effectively be

2

deprived of his day in court due to the financial burden of litigating in Pennsylvania. *Id.* The Court further determined that enforcement of the forum-selection clause, which designates the law of Pennsylvania, would contravene California's strong public policy regarding prompt wage payment. *Id.* The Court also denied appMobi's motion to dismiss pursuant to Rule 12(b)(3) because venue was not improper. *Id.*

appMobi thereafter moved for certification of an interlocutory appeal of the Court's order denying the motion to dismiss, Docket No. 23, and for leave to file a motion for reconsideration of the Order. Docket No. 32. The Court granted appMobi's motion for leave and ordered both parties to submit additional briefing on the question of whether under the Supreme Court's recent opinion in *Atlantic Marine Const. Co. Inc. v. U.S. Dist. Court*, 134 S.Ct. 568 (2013), a district court may or must consider the factors enunciated in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) in a separate analysis determining the enforceability of a forum-selection clause.[1] The Court also directed the parties to evaluate the continuing vitality of the Ninth Circuit's direction in *Murphy v. Schneider National Inc.*, 362 F.3d 1133, 1141-42 (9th Cir. 2003), that as to the "unreasonable and unjust" *Bremen* exception, "courts are to consider a party's financial ability to litigate in the forum selected by the contract when determining the reasonableness of enforcing a forum selection clause." Docket No. 34. The Court now considers appMobi's motion for reconsideration.

**LEGAL STANDARD**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James We. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Movants are prohibited from repeating any argument made previously, and

---

[1] A forum-selection clause should be enforced unless it is clearly shown that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

3

must show a material difference or an intervening change in the facts or the law, or a manifest failure by the court to consider dispositive facts or legal arguments. L.R. 7-9.

**DISCUSSION**

appMobi asserts that the Court erred in its prior Order by considering Monastiero's private interests, specifically the cost and inconvenience of litigating in Pennsylvania. Docket No. 32 at 12. appMobi moves for reconsideration of the Order, arguing that the Court is not permitted to consider these private interests when determining the enforceability of the forum-selection clause, pursuant to the Supreme Court's decision in *Atlantic Marine*. *Id*. After careful review of the parties' papers, supplemental briefs regarding *Atlantic Marine*, and the arguments presented at the hearing held on May 9, 2014, the Court reconsiders its prior Order as to appMobi's motion to dismiss for *forum non conveniens* as follows.

**I.     The Court's prior Order**

It has long been established that a forum-selection clause should be enforced unless enforcement would be unreasonable and unjust or if the clause is invalid. *Bremen*, 407 U.S. at 15. In its recent opinion in *Atlantic Marine*, the Supreme Court announced an adjusted analysis to be applied when considering a *forum non conveniens* motion to enforce a valid forum-selection clause. The Supreme Court specified that this adjusted analysis "presupposes a contractually valid forum-selection clause." *Id*. In its prior order, this Court found that enforcement of the forum-selection clause in this case would be unreasonable and unjust, and that the clause was therefore unenforceable; thus, believing that there was no "valid forum-selection clause" to evaluate, this Court did not conduct an analysis under *Atlantic Marine*. This Court's reasoning was guided by the 9th Circuit's opinion in *Murphy*, which directs district courts determining the enforceability of a forum-selection clause in the context of an employment contract to consider "any power differentials" between the parties, "the educational background" and "business expertise of the party challenging the clause," and "'the financial ability to bear [the] costs and inconvenience' of litigating in the forum selected by the contract." *Murphy*, 362 F.3d at 1140-41. Upon reconsideration, this Court finds that its prior analysis of the enforceability of

4

1 the forum-selection clause placed undue emphasis on Monastiero's financial ability to bear the costs and
2 inconvenience of litigation in Pennsylvania – factors that the Supreme Court in *Atlantic Marine* deemed
3 "private interests" that the Court may not consider. *Atlantic Marine*, 134 S.Ct. at 582 (in making its
4 evaluation a court "should not consider arguments about the parties' private interests."). Therefore, the
5 Court reconsiders appMobi's motion to dismiss, applying the analysis prescribed by the Supreme Court
6 in *Atlantic Marine*.

## II.     Motion to dismiss for *forum non conveniens*

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."[2] *Atlantic Marine*, 134 S.Ct. at 580. "In a typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 581. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"[3] *Id.* (quoting *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).

Where there is a valid forum selection clause, a district court's usual § 1404(a) or *forum non conveniens* analysis is adjusted in three ways.[4] *Id.* First, courts may accord no weight to the plaintiff's chosen forum; "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 581-82. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the

---

[2] "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atlantic Marine Constr. Co. v. U.S. Dist. Court*, 134 S.Ct. 568, 580 (2013).

[3] The opinion in *Atlantic Marine* "presuppose[d] a contractually valid forum-selection clause," *id.* at 581 n.5, without further explanation. In this case, Monastiero did not argue that the forum-selection clause was obtained by fraud nor did he demonstrate over-reaching on the part of defendant sufficient to invalidate the clause. This would appear to mean that the forum-selection clause was "contractually valid" within the meaning of the *Atlantic Marine* discussion.

[4] "[B]ecause both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum selection clause pointing to a non-federal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atlantic Marine*, 134 S.Ct. at 580.

5

1 parties' private interests." *Id*. at 582. The Supreme Court stated that the parties, in agreeing to a forum-
2 selection clause, have waived "the right to challenge the preselected forum as inconvenient or less
3 convenient for themselves or their witnesses, or for their pursuit of the litigation," and the Court "must
4 deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*.[5] The public
5 interest factors which the Court may still consider include "the administrative difficulties flowing from
6 court congestion; the local interest in having localized controversies decided at home; [and] the interest
7 in having the trial of a diversity case in a forum that is at home with the law." *Id*. (quoting *Piper
8 Aircraft*, 454 U.S. at 241 n. 6) (alteration in original). Third, if venue is transferred, the original venue's
9 choice-of-law rules will not apply; this is a factor that may affect public interest considerations. *Id*. "In
10 all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their
11 bargain." *Id*. at 583.

### A.    The *forum non conveniens* factors support dismissal of the case

First, Monastiero's choice of forum is accorded no weight. *Id*. at 581-82. Monastiero agreed, by contract, to bring suit only in the Court of Common Pleas of Lancaster County, Pennsylvania. Abadir Decl. Ex. A, Employment Agreement ¶ 16; Abadir Decl. Ex. B, Termination Agreement ¶ 8. The contractually agreed upon forum of Lancaster County, Pennsylvania, deserves deference. *Atlantic Marine*, 134 S.Ct. at 582. This factor weighs in favor of dismissal.

Next, the Court considers the parties' arguments about public interest factors. *Id*. Monastiero argues that public interest factors weigh heavily against dismissal for *forum non conveniens*, but the only concrete factor he specifically describes is that the non-payment of wages for work performed in California is at issue in the case, and is a localized controversy within California's public interest that should be decided at home. Docket No. 18 at 12-13; *Atlantic Marine*, 134 S.Ct at 581 n. 6 (public interest factors which the Court may consider include "the local interest in having localized controversies decided at home."). California does have an interest in the matter, because appMobi is

---

[5] These private interest factors, which now must effectively be ignored, include "relative ease of access to sources of proof; availability of compulsory process for the attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial easy, expeditious and inexpensive." *Id*. at 581 n. 6. (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)).

6

accused of violating the rights of California residents who were working in California. The Court finds that this factor weighs against dismissal of the case.

Monastiero also argues, in passing, that enforcement of the forum-selection clause conflicts with the public policy interest of ensuring California employers have a level playing field with out-of-state employers; enforcement of the clause could allow out-of-state employers employing Californians to exempt themselves from California's laws and instead choose the weaker worker protection laws of another state. Docket No. 18 at 14; Docket No. 35 at 9. Monastiero does not present any factual or legal analysis that such is the case in this instance, and thus has not met his heavy burden to show that these public interest considerations are exceptional factors that warrant denial of the *forum non conveniens* motion. *Atlantic Marine*, 134 S.Ct. at 582 (public interest factors "will rarely defeat" a transfer or *forum non conveniens* motion).

Finally, Monastiero contends that third party witnesses will be inconvenienced if the forum-selection clause is enforced, which should factor into the public interest considerations. Docket No. 18 at 14; Docket No. 35 at 15-16. He argues that forcing him to litigate in Pennsylvania will violate the public interest of resolving claims on their merits; he maintains that individual plaintiffs attempting to recover unpaid wages from their corporate employers are less able to afford travel-related expenses to have non-party witnesses appear in a court located across the country than their employers, who have considerably greater financial means. Docket No. 18 at 14. He cautions that such circumstances create a situation in which the party with the deepest pockets wins. *Id*. This Court recognizes the inconvenience litigation in Pennsylvania may pose to witnesses, and the serious financial burden that Monastiero may have to bear while his corporate employer has greater financial resources to litigate in a distant forum. Indeed, as the Supreme Court noted in 1981 in *Piper Aircraft Co. v. Reyno*, 454 U.S. at 241 n.6, quoted in *Atlantic Marine*, these are many of the practical "considerations which make trial of a case easy, expeditious and inexpensive." However, such considerations have been deemed "private interest factors" that this Court is prohibited from considering in conducting its analysis and which this Court "must deem . . . to weigh entirely in favor of the preselected forum." *See Atlantic Marine*, 134 S.Ct. at 581 n. 6, 582. Accordingly, this factor weighs in favor of dismissal.

7

Considering all of Monastiero's public interest arguments, the Court finds that he has not carried his heavy burden to show that these are "extraordinary circumstances unrelated to the convenience of the parties" that would warrant denial of the *forum non conveniens* motion. *Id*. at 581.

### B.     Enforceability of the forum-selection clause

In *Atlantic Marine*, the Supreme Court's analysis "presuppose[d] a contractually valid forum-selection clause," and did not evaluate either enforceability or validity of the forum-selection clause by applying the factors enunciated in *Bremen*. *Id.* at 581 n.5. However, the opinion suggests that a court assessing the enforceability of a forum-selection clause may not consider private interest factors, and must alter its evaluation as it would under *Atlantic Marine*. *See id*. at 582 (stating that a court evaluating a § 1404(a) motion "must deem the private-interest factors to weigh entirely in favor of the preselected forum. As we have explained in a different but 'instructive' context, '[w]hatever inconvenience [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting.'") (quoting *Bremen*, 407 U.S. at 17-18) (alteration in original) (internal quotation marks and citation omitted).[6]

It is this Court's understanding that post-*Atlantic Marine*, if a forum-selection clause is not invalid (as from fraud or overreaching), it is enforceable unless the challenger shows "that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court" or that "enforcement would contravene a strong public policy of the forum in which suit is brought," *Bremen*, 407 U.S. at 15, 18 – but that, in evaluating these questions, courts are precluded from considering such private-interest factors as costs and inconvenience.   In the prior Order, this Court found the appMobi forum-selection clause unenforceable based on the *Bremen* standards.  This Court now reconsiders the enforceability of the forum-selection clause, but without considering "arguments about the parties' private interests." *Atlantic Marine*, 134 S.Ct. at 582.

---

[6] In the quoted discussion from *Bremen*, the Supreme Court explained that where there is a preselected forum, "it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Bremen*, 407 U.S. at 18. Absent such a showing, "there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *Id*.

8

Previously, this Court found that Monastiero would effectively be deprived of his day in Court, due to the financial cost and inconvenience of litigating the case in Pennsylvania. Upon reconsideration, the Court notes that these are the sorts of "practical problems" – related to making "trial of a case easy, expeditious and inexpensive" – which have been deemed private interest factors that may not be considered under *Atlantic Marine*. *Id*. at 581. In his briefing, Monastiero has not pointed to anything other than these private factors in urging that he will effectively be deprived of his day in Court. While the Court finds Monastiero's private interests compelling, it is prohibited from considering these factors in conducting its analysis.

Next, the Court considers whether enforcement of the forum-selection clause will contravene California public policy. In California, "[t]he public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established. Delay of payment or loss of wages results in deprivation of the necessities of life, suffering inability to meet just obligations to others, and, in many cases may make the wage-earner a charge upon the public." *Smith v. Superior Court*, 39 Cal. 4th 77, 82 (Cal. 2006) (quoting *Kerr's Catering Serv. v. Dept. of Indust. Relations*, 57 Cal. 2d 319, 326 (Cal. 1962)) (internal quotation marks omitted). Sections 201 and 203 of the California Labor Code encompass "this fundamental public policy regarding prompt wage payment." *Id*. Rejection of this forum in favor of the Pennsylvania Court of Common Pleas will certainly impede and delay, and possibly preclude, enforcement of Monastiero's rights under California law. However, the causes for this preclusion are personal to him – the "private interest" factors such as relative ease of access to proof, availability of witnesses, and cost factors, such as retaining Pennsylvania counsel and travel to Lancaster. Monastiero did not demonstrate that Pennsylvania law does not enforce employment contracts or protect employees generally, in contravention of California public policy; rather, he relies on his preference for adjudication of his rights in a California forum because of the substantial difficulty faced by an individual employee in a venue far from home. This Court cannot, post-*Atlantic Marine*, consider this preference.

Lastly, Monastiero argues that the forum-selection clause acts as an exculpatory clause, shielding defendant from any liability from employment claims, and that enforcement of the clause would violate California's public policy against exculpatory contracts, citing California Civil Code § 1668 ("[a]ll

9

1  contracts which have for their object, directly or indirectly, to exempt anyone from responsibility from
2  his own fraud, or willful injury to the person or property of another, or violation of law, whether willful
3  or negligent, are against the policy of the law."). As with the prior public policy argument, however,
4  this one is premised on the theory that employers will be spared litigation far from an employee's home
5  because it too expensive and cumbersome for the employees to undertake – "private interest factors"
6  – not because the alternative forum could not provide a remedy.

Alter eliminating all the private interest factors which affect Monastiero's practical ability to pursue litigation in Lancaster, Pennsylvania, Monastiero has not "clearly show[n] that enforcement of the forum-selection clause would be unreasonable or unjust." *Bremen*, 407 U.S. at 15, 18.

## CONCLUSION

The Court finds that the *forum non conveniens* factors favor dismissal of the case and that Monastiero has not shown that there are "extraordinary circumstances unrelated to the convenience of the parties" that would warrant denial of the motion. *Atlantic Marine*, 134 S.Ct at 581. Further, Monastiero has failed to show that enforcement of the forum-selection clause would be unreasonable or unjust because the clause was the product of fraud or overreaching, would effectively deprive him of his day in court, or contravene a strong public policy. *Bremen*, 407 U.S. at 12-13, 15, 18. Accordingly, the Court must GRANT appMobi's motion for reconsideration, and having done so, must GRANT appMobi's motion to dismiss for *forum non convenies*. appMobi's motion for certification of an interlocutory appeal, Docket No. 23, is DISMISSED as moot.

**IT IS SO ORDERED.**

Dated: May 15, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE